## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TERRELL JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-1091-JAR-GEB |
| | ) | |
| KENTRELL GAULDEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### ORDER GRANTING IFP AND
### ORDER TO AMEND COMPLAINT

This matter is before the Court on Plaintiff Terrell Jones's Motion to Proceed Without Prepayment of Fees (ECF No. 3) and the Court's review of the sufficiency of his Complaint. As set forth below, Plaintiff's Motion (ECF No. 3) is **GRANTED**; however, Plaintiff is ordered to amend his Complaint before this matter may proceed.

**I.     Motion to Proceed *In Forma Pauperis* (ECF No. 3)**

Under 28 U.S.C. § 1915(a), the Court has the discretion[1] to authorize the filing of a civil case "without prepayment of fees or security thereof, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security thereof." "Proceeding *in forma pauperis* in a civil case 'is a privilege, not a right—fundamental or otherwise.'"[2]  To determine whether a party is eligible to file without prepayment of the

---

[1] *Barnett ex rel. Barnett v. Nw. Sch.*, No. 00-2499, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (citing *Cabrera v. Horgas*, 173 F.3d 863, at *1 (10th Cir. April 23, 1999)).
[2] *Id.* (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

fee, the Court commonly reviews the party's financial affidavit and compares his or her monthly expenses with the monthly income disclosed therein.[3]

Both the Tenth Circuit Court of Appeals and this Court have a liberal policy toward permitting proceedings *in forma pauperis*.[4] After careful review of Plaintiff's affidavit of financial resources (ECF No. 3-1, *sealed*), and the comparison of his monthly income to his monthly expenses, the Court finds he is financially unable to pay the filing fee.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed without Prepayment of Fees **(ECF No. 3)** is **GRANTED.** A grant of *in forma pauperis* status to a filing party would normally invoke service of process by the clerk of court under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). However, in light of this Court's order requiring Plaintiff to file an amended complaint (*see* Section II below), the clerk is directed to **stay service** of process pending Plaintiff's filing of an amended complaint and the Court's review of the amendment.[5]

## II.    Sufficiency of Plaintiff's Complaint

Although the Court grants Plaintiff's request to proceed without payment of fees, this authority to proceed is not without limitation. On review of the Complaint, the Court

---

[3] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, at *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL-DJW, 2000 WL 1162684, at *1) (D. Kan. Apr. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL-DJW, 2000 WL 1025575, at *1 (D. Kan. July 17, 2000)).

[4] *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013) (citing, generally, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987)).

[5] *See Webb v. Vratil*, No. 12-2588-EFM-GLR, ECF No. 7 (D. Kan. Sept. 28, 2012) (withholding service of process pending review under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3)).

determines Plaintiff's Complaint, on its face, requires amendment for this case to proceed.

### A.    Background

In the Complaint, Plaintiff names four defendants who each appear to be employed at a separate record label or recording companies.  Plaintiff claims each named defendant "made a false and humiliating statement about" him.  (ECF No. 1 at 4.) Plaintiff claims he was becoming a well-known, up-and-coming music artist "possibly on [his] way to a record deal worth $50,000 – 1,000,000" but the statements made by defendants forced him to stop "almost all things in [his] life." (*Id*. at 5, 8.)  He claims he was "defamed and humiliated."  (*Id*. at 8.)  Plaintiff seeks $200,000 in damages and asks that an agreement be reached with Defendants that the false statements will stop. (*Id*. at 5.)

Plaintiff's form Complaint sets forth diversity jurisdiction, as Plaintiff resides in Wichita, Kansas, and each defendant allegedly lives in other states, as follows:   1) Kentrell Gaulden in Louisiana; 2) Johnathan Porter in California; 3) Bryson Lashun Potts in Tennessee, and 4) TyQuian Bowman in Georgia.  (*Id*. at 1-2.)

Upon review of both Plaintiff's Complaint and his Motion for Leave to Proceed Without Prepayment of Fees, the Court has concerns regarding whether he has sufficiently stated a cognizable claim; whether venue is appropriate in the District of Kansas; whether this Court has personal jurisdiction over the named defendants; and whether Defendants could be properly served at the addressed provided.

### B.      Legal Standard

When reviewing an *in forma pauperis* application under 28 U.S.C. § 1915, sua sponte dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit.[6]   Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."[7] The Court may also dismiss an *in forma pauperis* plaintiff's complaint for lack of personal jurisdiction and improper venue, despite the fact that these defenses can be waived under Fed. R. Civ. P. 12(h)(1) if not properly raised.[8]   After application of these standards, Plaintiff is ordered to file an amended complaint to avoid a recommendation of dismissal for the reasons set forth below.

This Court reviews the sufficiency of Plaintiff's Complaint under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[9]   Plaintiff "must allege sufficient facts to state a claim which is plausible— *rather than merely conceivable*—on its face."[10]   "Factual allegations in a complaint must be enough to raise a right to relief above the speculative level."[11]

---

[6] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

[7] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3)) (emphasis added).

[8] *See Babbs-Smith v. Northland Vill. Apartments*, No. 10-2623-JAR-DJW, 2011 WL 209505, at *1 (D. Kan. Jan. 21, 2011); *see also Brown v. Peter Francis Jude Beagle Law Office*, No. 08-3311-SAC, 2009 WL 536596, at *1 (D. Kan. Mar. 3, 2009) (citing *Trujillo*, 465 F.3d at 1216–17).

[9] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[10] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).

[11] *Kay,* 500 F.3d at 1218 (citing *Twombly*, 550 U.S. at 555) (internal citations omitted).

Because Plaintiff proceeds pro se, his pleadings must be liberally construed.[12] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[13] and the Court cannot "take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."[14]  Fed. R. Civ. P. 8 "demands more than naked assertions."[15]

Ultimately, the Court must ascertain whether Plaintiff's claim provides the Defendants with sufficient notice of his claims such that the Defendants could prepare an appropriate answer.[16]  Under Rule 8(a), a complaint must contain three minimal pieces of information:  (1) the pleading should contain a short and plain statement of the claim showing that Plaintiff is entitled to relief; (2) a short and plain statement of the grounds for the Court's jurisdiction; and (3) a statement of the relief requested.  If the Court finds any of these requirements absent, even after affording liberal construction to Plaintiff's Complaint, the court "is compelled to recommend that the action be dismissed."[17] If the Complaint is "too general," then it does not accomplish these purposes.[18]   Similarly,

---

[12] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).

[13] *Id*.

[14] *Mays v. Wyandotte County Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir.2005)).

[15] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

[16] *See Snider v. Burton*, No. 15-1043-JTM-KGG, 2015 WL 1442096, at *1 (D. Kan. Mar. 30, 2015) (citing *Monroe v. Owens*, 38 F. App'x 510, 515 (10th Cir. 2002)) (adopting report and recommendation).

[17] *Snider*, 2015 WL 867423, at *2 (citing requirements under Rule 8), *report and recommendation adopted,* No. 15-1043-JTM, 2015 WL 1442096 (D. Kan. Mar. 30, 2015).

[18] *See Henderson v. Ojile*, No. 97-4098-SAC, 1997 WL 723432, at *2 (D. Kan. Oct. 31, 1997) (citing *Boston & Maine Corp. v. Town of Hampton*, 987 F.2d 855, 865 (1st Cir.1993)).

"allegations of conclusions or opinions are not sufficient when no facts are alleged by way of the statement of the claim."[19]

## C.   Discussion

After review of the Complaint in this matter, this Court finds the document, on its face, does not comply with the pleading requirements of Rule 8.   Although Plaintiff generally claims he was defamed and/or harassed, he gives no details about how each named Defendant specifically harmed him.   The absence of facts outlining what each Defendant did to defame or otherwise harm him makes it impossible for any Defendant to have fair notice of what is being alleged against him.[20]

Additionally, because all Defendants are located in other states and Plaintiff's Complaint does not make clear where the alleged false statements occurred, this Court's personal jurisdiction[21] (power) over Defendants and venue[22] (the location of the lawsuit) in the District of Kansas could be problematic.   However, there is simply not enough information in the Complaint for the Court to make these determinations.

---

[19] *Id.* (quoting *Bryan v. Stillwater Board of Realtors*, 578 F.2d 1319, 1321 (10th Cir.1977)); *see also Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984).

[20] *Weaver v. City of Topeka*, No. 94-4224-SAC, 1995 WL 783628, at *7 (D. Kan. Dec. 12, 1995), *aff'd*, 103 F.3d 145 (10th Cir. 1996) (holding complaint offering no facts to support legal conclusion fails to give defendants fair notice).

[21] "Personal jurisdiction," generally, is "[a] court's power to bring a person into its adjudicative process; jurisdiction over a defendant's personal rights."   JURISDICTION, Black's Law Dictionary (11th ed. 2019).

[22] "'Venue' refers to the place where a lawsuit should be brought, and must be proper for each claim pleaded."   *Brown*, 2009 WL 536596, at *3 (citing *Sheldon v. Khanal,* No. 07–2112, 2007 WL 4233628 at *2 (D. Kan. Nov. 29, 2007)).   Venue is proper under 28 U.S.C. § 1391(b) only when (1) one of the defendants resides in the district and all of the defendants reside in the state of that district, (2) the district is where a substantial part of the events occurred or where a substantial amount of property is situated, or (3) any defendant is subject to the court's personal jurisdiction if there is no district in which an action otherwise may be brought. *Young v. Ellis*, No. 2:13-CV-2558-EFM-TJJ, 2014 WL 2459189, at *2 (D. Kan. May 30, 2014)

And, finally, although Plaintiff provides an address for each of the named Defendants, the addresses provided are clearly those of the Defendants' employers. (ECF No. 1 at 2, stating "All Addresses are of Employers.")  However, when reading Federal Rule of Civil Procedure 4(e) and Kansas law together, it is clear that service should be first attempted on an individual at his "dwelling or usual place of abode" before any attempt to serve a person at his business address.[23]  Because Plaintiff proceeds *in forma pauperis* as granted above, the clerk of the court would normally take the appropriate steps to serve Defendants with the summons and complaint as provided under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).  However, it is Plaintiff's responsibility to provide adequate addresses for which the clerk may achieve service.[24]

Rule 8 does not require Plaintiff to state precisely each element of his claim or describe every fact with specific detail, but it does require him to set forth sufficient factual allegations on which a recognized legal claim could be based.[25]  In short, while Rule 8(a) relieves Plaintiff from pleading technicalities and from alleging detailed facts that establish a right to judgment, it still requires minimal factual allegations on the material elements that must be proved to recover damages.[26]  And, while *pro se* pleadings

---

[23] *Schwab v. Kobach*, No. 18-2488-DDC-GEB, 2019 WL 4393016, at *1 (D. Kan. Sept. 13, 2019) (citing Fed. R. Civ. P. 4(e); Kan. Stat. Ann. § 60-303(c)(1), 304(a)).  Only if the delivery to the person's home is refused or unclaimed can the party then send the return receipt to the individual's business address.  *See Coffman v. Hutchinson Cmty. Coll.*, No. 17-4070-SAC, 2017 WL 4222981, at *3 (D. Kan. Sept. 22, 2017).

[24] If Plaintiff is unclear regarding the requirements for service, and what types of addresses he must provide for the defendants in a lawsuit, he should review the service instructions contained in Rule 4 and outlined on the Court's website at http://ksd.uscourts.gov/index.php/self-represented-litigants/.

[25] *Henderson*, 1997 WL 723432, at *2; *Hall*, 935 F.2d at 1110.

[26] *Id.*

are liberally construed, the Court cannot craft legal theories or supply factual allegations for a *pro se* plaintiff.[27]

Rather than recommending Plaintiff's claim for dismissal,[28] however, the Court extends latitude to him as a *pro se* litigant and will permit him the opportunity to amend his Complaint to fully comply with Rule 8.   Plaintiff must file an amended complaint which does all of the following:

- clearly identifies each defendant and his/her home address (or last known address);

- specifically explains what <u>each</u> named defendant did to him by providing facts indicating how each defendant defamed or harassed him;

- when and where each defendant defamed or harassed him;

- how each defendant's action harmed him;

- what specific legal right Plaintiff believes each defendant violated;

- why this case should be filed in the District of Kansas; and

- the specific types of relief Plaintiff seeks, including the amount of damages claimed and the reasons Plaintiff believes he is entitled to such damages.[29]

---

[27] *Abdelsamed v. United States*, 13 F. App'x 883, 884 (10th Cir. 2001).

[28] *See, e.g., Estate of Haynes ex rel. Haynes v. U.S. V.A. Hosp.*, No. 08-1175-JTM (Order, ECF No. 4, Aug. 5, 2008) (ordering the pro se plaintiff to supplement her complaint to clarify the details of her claims); and *Estate of Haynes ex rel. Haynes v. U.S. V.A. Hosp.*, No. 08-1175-JTM, 2008 WL 4299855, at *1 (D. Kan. Sept. 15, 2008) (accepting plaintiff's supplement and granting plaintiff's request for appointment of counsel).

[29] *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice* Ctr., 492 F.3d 1158, 1163 (10th Cir. 2007) (offering examples of suggestions a court might give a pro se litigant when requiring amendment).

Case 6:20-cv-01091-JAR-GEB  Document 4  Filed 04/30/20  Page 9 of 9

**IT IS THEREFORE ORDERED** that by no later than **May 20, 2020,** Plaintiff must file an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this Order.

**IT IS FURTHER ORDERED** that no summons shall issue in this case until further order of the Court.

**IT IS SO ORDERED**.

Dated this 30th day of April 2020, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

9