# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**TERRELL JONES,**

    **Plaintiff,**

    v.

**KENTRELL GAULDEN,** et al.,

    **Defendants.**

Case No. 20-1091-JAR-GEB

## MEMORANDUM AND ORDER

Plaintiff filed this action on April 2, 2020, alleging general claims of defamation and harassment against several Defendants; he sought leave to file in forma pauperis ("IFP").[1] On April 30, 2020, Magistrate Judge Gwynne E. Birzer issued a Memorandum and Order granting Plaintiff leave to proceed IFP but finding that the Complaint does not comply with the pleading requirements in Fed. R. Civ. P. 8.[2] Judge Birzer deferred issuing summons and directed Plaintiff to file an Amended Complaint by May 20, 2020, that:

- clearly identifies each defendant and his/her home address (or last known address);
- specifically explains what each named defendant did to him by providing facts indicating how each defendant defamed or harassed him;
- when and where each defendant defamed or harassed him;
- how each defendant's action harmed him;
- what specific legal right Plaintiff believes each defendant violated;
- why this case should be filed in the District of Kansas; and
- the specific types of relief Plaintiff seeks, including the amount of damages claimed and the reasons Plaintiff believes he is entitled to such damages.[3]

---

[1] Docs. 1, 3.

[2] Doc. 4.

[3] *Id.* at 8.

2

Plaintiff did not file an Amended Complaint by the May 20 deadline.  Instead, Plaintiff file a "Motion to Dismiss under 60-212(b)" (Doc. 5) that is now before the Court, explaining that he lacks information about Defendants' addresses.  Because Plaintiff is a pro se litigant, the Court must construe his pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[4]  However, the Court may not provide additional factual allegations "to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[5]  A pro se litigant is not excused from complying with the rules of the Court, and is subject to the consequences of noncompliance.[6]

Despite Plaintiff's failure to identify the federal rule governing voluntary dismissal, his admission that he cannot provide the Court with addresses for summons, coupled with his failure to file an Amended Complaint by the deadline in Judge Birzer's Order, leads the Court to construe Plaintiff's motion to dismiss as a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i).  Since the opposing party has neither served an answer nor a motion for summary judgment, a notice of dismissal is sufficient to voluntarily dismiss this action; a Court order of dismissal is not necessary.

**IT IS THEREFORE ORDERED BY THE COURT** that the Clerk shall consider Plaintiff's Motion to Dismiss (Doc. 5) as a Notice of Dismissal of this action.

**IT IS SO ORDERED.**

<u>Dated: May 28, 2020</u>

---

[4] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[5] *Id.* at 1174.

[6] *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

<u>S/ Julie A. Robinson</u>  
JULIE A. ROBINSON  
CHIEF UNITED STATES DISTRICT JUDGE